UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -v-

ADONIS WIGGINS,

                 Defendant.

**DECISION & ORDER**

25-MR-06198-MAV

---

Presently before the Court is Defendant's motion for revocation of a detention order pursuant to 18 U.S.C. § 3145(b). ECF No. 1. For the reasons set forth below, Defendant's motion is denied, and he is ordered detained pending trial.

## BACKGROUND

Defendant is charged by criminal complaint with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) occurring on or about October 24, 2025. Defendant was arraigned on the complaint at his initial appearance on October 30, 2025, before Magistrate Judge Colleen D. Holland, and the Government moved for detention. A detention hearing was held before Judge Holland on November 3, 2025, and continued on November 5, 2025. In an oral decision, Judge Holland granted the Government's motion and ordered Defendant detained pending trial.

On November 19, 2025, Defendant filed the instant motion to review Judge

Holland's detention order. The Government filed its opposition on December 2, 2025. The Court heard oral argument on December 4, 2025, and reserved decision. The Court has carefully reviewed the parties' submissions, the transcripts of the detention hearing before Judge Holland, the criminal complaint, and the pre-trial services report prepared by the United States Probation Office.

## LEGAL STANDARD

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.*, authorizes and sets forth the procedures for the release or detention of a person pending trial, sentence, and appeal. The procedures and standards for release or detention of a person pending trial are set forth at 18 U.S.C. § 3142. A defendant awaiting trial must be released unless the release will present a risk of flight or dangerousness, or both, and no set of conditions can reasonably protect against those risks. *See United States v. Berrios-Berrios*, 791 F.2d 246, 249 (2d Cir. 1986) (explaining that the Bail Reform Act codified "traditional presumption favoring pretrial release for the majority of Federal defendants") (quotation omitted).

The government bears the burden of proof to establish risk of flight and/or danger, and that no conditions can reasonably protect against those risks. The burden of proof on risk of flight is preponderance of the evidence. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). On the other hand, the government must demonstrate by clear and convincing evidence that a defendant should not be released due to his risk of danger. *United States v. Chimurenga*, 760 F.2d 400,

405 (2d Cir. 1985). Clear and convincing evidence "means something more than 'preponderance of the evidence,' and something less than 'beyond a reasonable doubt.'" *Id.* In other words, the evidence must support a conclusion of danger to the community "with a high degree of certainty." *Id.*

Although there is "only a limited group of offenders who should be denied bail pending trial," *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (citations and quotations omitted), when there is "a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate," *Chimurenga*, 760 F.2d at 403 (citation omitted).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court shall take into account the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, ... or involves ... a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). "A district court has broad discretion to determine how much weight to assign the factors listed in § 3142(g) based on the circumstances of a particular case." *United States v. Zhang*, 55 F.4th 141, 144 (2d Cir. 2022).

In reviewing a detention order of a magistrate judge, a district judge should not simply defer to the judgment of the magistrate judge, but rather must reach her own independent conclusions. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). "When making its *de novo* review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence." *United States v. Marra*, 165 F. Supp. 2d 478, 481 (W.D.N.Y. 2001), *aff'd*, 21 F. App'x 66 (2d Cir. 2001).

## DISCUSSION

As an initial matter, after considering the evidence proffered at the detention hearing, the Court finds that a presumption of detention applies in this case. Pursuant to 18 U.S.C. § 3142(e)(3), the Court finds that there is probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*) and an offense under section 924(c). Accordingly, a rebuttal presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community applies. *See* 18 U.S.C. § 3142(e)(3).

"In a presumption case such as this, a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming

forward with evidence that he does not pose a danger to the community or a risk of flight. Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court. Even in a presumption case, the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community. The government retains the ultimate burden of persuasion by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." *Mercedes*, 254 F.3d at 436 (internal citations omitted). "To determine whether the presumptions of dangerousness and flight are rebutted, the district court considers ... [the factors set forth at] § 3142(g)." *Id.*

Recognizing that Defendant's burden to rebut the presumption is low, *see United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991), the Court finds that Defendant has met this burden by demonstrating strong ties to the community, a relatively recent employment history, and a supportive network of family and friends, as discussed further below. Accordingly, the Court will consider the presumption favoring detention along with the § 3142(g) factors to assess whether the government has established that Defendant must be detained pending trial.

**A. Nature and circumstances of the offense charged**

The first § 3142(g) factor weighs decidedly in favor of detention. Defendant is accused of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1), and possessing a firearm by a convicted felon in violation of 18

5

U.S.C. § 922(g)(1). The government proffered that, on October 24, 2025, members of the Rochester Police Department ("RPD") conducted surveillance in the area of Chili Avenue and Thurston Road. This area of the city is known for open-air drug sales. While RPD officers were monitoring the area, they observed a white Jeep Cherokee parked in front of 509 Chili Avenue. After determining that the vehicle's registration was suspended, officers conducted a traffic stop. Defendant immediately exited the vehicle and was arrested. During an inventory search of the vehicle, officers located, among other things, a baggie with eight smaller baggies containing a substance suspected of being cocaine, $700 in United States currency, and a backpack containing a loaded semi-automatic handgun with one round of ammunition in the chamber and fifteen rounds of ammunition in the magazine. The backpack also contained approximately 14 grams of a substance suspected of being cocaine, as well as new and unused zip lock baggies. A portion of the suspected cocaine was field tested and returned a positive result for cocaine. After waiving his *Miranda* rights, Defendant told officers that he carried the firearm for protection and that the cocaine found in the vehicle "was pretty much for sale."

These are undoubtedly serious offenses, as evidenced not just by the allegations above but also by the potential penalties that follow a conviction. The government proffered that a conviction under 21 U.S.C. § 841(a)(1) carries a maximum prison term of 20 years, a conviction under 18 U.S.C. § 924(c)(1) carries a mandatory consecutive minimum 5-year prison term and a maximum potential prison term of life, and a conviction under 18 U.S.C. § 922(g)(1) carries a maximum

prison term of 15 years.

### B. Weight of the evidence

The second factor also supports detention. In assessing the weight of the evidence, "the Court is not predicting a likelihood of conviction . . . [b]ut the weight of the evidence is a factor that must be considered under § 3142(g)." *United States v. Sierra,* 790 F. Supp. 3d 235, 243 (W.D.N.Y. 2025). The Court finds that the weight of the evidence against Defendant is relatively strong. As discussed above, it consists of evidence recovered from the vehicle in which Defendant was driving and Defendant's inculpatory statements to police.

### C. Defendant's history and characteristics

The third factor on balance weighs in favor of detention although it cuts in both directions. Pursuant to the pretrial services report, Defendant is 48 years old and a lifelong resident of Rochester, New York. He lives with his wife and their three children in his wife's apartment. Defendant is in regular contact with his three brothers, who all reside in Rochester. Defendant attended school through the 10th grade and obtained a GED on November 15, 2004. Defendant's close relationship with family and friends is evidenced by their willingness to post signature bonds in the collective amount of $18,500 to ensure Defendant's compliance with any release conditions the Court may set. *See* ECF No. 3 at 8. His wife and daughter also have health issues and would benefit from his presence at home.

Additionally, Defendant has a documented history of recent employment. Defendant has worked in an Amazon warehouse for one year. However, as of April 2025, he has been out of work and receiving workers compensation due to an injury. Other than his experience at an Amazon warehouse, Defendant worked in a different company's warehouse for eight months. Beyond these jobs, Defendant could not recall any prior work experience despite being 48 years old. Although the Court has questions regarding how Defendant generated income for the majority of his adult life considering the absence of a documented work history, the Court finds that Defendant's recent employment history favors release.

Nevertheless, there are other considerations under the third § 3142(g) factor that weigh in favor of detention. Defendant has a lengthy criminal history spanning many years. The pretrial services report indicates that Defendant has been convicted of six separate felony level offenses, multiple misdemeanor convictions, and another felony level offense for which he was adjudicated a youthful offender. *See United State v. Barnett*, No. 5:03-CR-243(NAM), 2003 WL 22143710, at *11 (N.D.N.Y. Sept. 17, 2003) (juvenile and youthful offender records constitute admissible evidence in federal bail proceedings). Defendant's felony level convictions were for criminal possession of a loaded firearm in the third degree on May 15, 2002; attempted criminal possession of a narcotic drug in the fourth degree on May 25, 2004; aggravated unlicensed operation of a motor vehicle in the first degree on January 3, 2017; driving while intoxicated (felony) on May 17, 2018; driving while intoxicated (felony) and aggravated unlicensed operation

of a motor vehicle in the first degree on April 26, 2019; and driving while intoxicated (felony) and aggravated unlicensed operation of motor vehicle in the first degree on October 13, 2022.

Although there is a ten-year gap in Defendant's criminal history from 2005 to 2015, the Court finds particularly salient and troubling that Defendant has a history — including a relatively recent history — of failing to comply with court orders. With respect to Defendant's convictions in May 2018, April 2019, and October 2022, the allegations underpinning these convictions demonstrate that Defendant operated his vehicle without an ignition interlock device in violation of court-imposed conditions. Additionally, Defendant has a history of violating the conditions of parole and committing new offenses while on parole. These facts show a pattern of non-compliance with court orders and support the conclusion that no condition or combination of conditions set by the Court will reasonably assure the safety of any other person and the community and his return to court.

Based on these recent instances of failure to comply with court orders, the Court has serious doubts that Defendant would comply with the proposed conditions of home detention with an ankle monitor and daily use of a breathalyzer device. Specifically, with respect to the proposed ankle monitor condition, courts have found that ankle monitors can be easily removed and their utility is severely limited when a defendant is willing to interfere with them. *See United States v. Atomei*, No. 24-CR-78(MKB), 2024 WL 1934195, at *5 (E.D.N.Y. May 2, 2024) (collecting cases).

Nor does the Court discount the willingness of Defendant's family and friends to execute signature bonds on Defendant's behalf. While signature bonds from family and friends may provide "sufficient moral suasion" to ensure a defendant's compliance with court-imposed conditions under certain circumstances, as a defendant's failure to comply would leave family members and friends financially liable, *see United States v. Mattis*, 963 F.3d 285, 293 (2d Cir. 2020), the Court here has no reason to believe that the financial jeopardy of Defendant's family and friends would cause him to comply with court-imposed conditions when he has demonstrated repeatedly that threats of future incarceration have not deterred his continued violation of parole conditions. *See United States v. Mendez*, 2020 WL 3263446, at * 5 (W.D.N.Y. June 17, 2020) ("Defendant has consistently demonstrated a lack of respect for any court order, and the fact that his brother may suffer financial penalties if he violates the conditions of release does not change the Court's assessment."), *aff'd* No. 20-2066, 2020 WL 5814214 (2d Cir. Sept. 23, 2020).

Additionally, the Defendant has a history of several bench warrants issued in 2016, 2018, and 2019. Giving Defendant the benefit of the doubt as Defendant was reportedly returned on two warrants the day after its issuance, one bench warrant was outstanding for almost four months and another for a little over two months when he was eventually returned.

In sum, although Defendant has strong ties to the community and a supportive network of family and friends, these factors are outweighed by other

10

considerations that favor detention, such as Defendant's lengthy criminal record, bench warrant history, and history of failing to comply with prior court orders. This factor favors detention.

### D. Nature and Seriousness of Danger to Any Person or the Community that would be posed by the person's release

The fourth factor also weighs in favor of detention. The drugs that Defendant allegedly intended to distribute are clearly dangerous. But it is not just the drugs that present the danger. At the time of Defendant's arrest, a loaded firearm was recovered from the vehicle in which he was driving. Defendant's alleged unlawful possession of a loaded weapon is plainly serious and dangerous. Defendant also presents a danger to the community based on his repeated history of unlawfully operating a motor vehicle including while intoxicated.

### E. Summary

For the reasons stated above, based on the totality of the evidence proffered by the government and the Court's consideration of all the relevant factors, the Court concludes that Defendant has come forward with some evidence to rebut the presumption for detention, but the government has established by a preponderance of evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

Accordingly, it is hereby ORDERED that Defendant Adonis Wiggins be detained pending trial pursuant to 18 U.S.C. § 3142(e)(1).

SO ORDERED.

DATED: December 22, 2025
Rochester, New York

/s/ Meredith A. Vacca
_____

HON. MEREDITH A. VACCA
United States District Judge